IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MOHAMED A. ALY

v.                                           CIVIL ACTION NO.
                                           JURY 3:13-cv-_____

CITY OF LAKE JACKSON

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Mohamed A. Aly, plaintiff, files this original complaint against the City of Lake Jackson, Texas, defendant, and shows the following:

2. This court has jurisdiction under 42 U.S.C. Sec. 1983 to remedy and correct defendant's deprivation of plaintiff's civil rights. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1343.

3. Venue is proper within the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. 1391 because the events and/or omissions giving rise to the claims herein have occurred in the Southern District of Texas, Galveston Division. The matter in controversy exceeds the sum or value of the threshold monetary jurisdictional amount for actions in federal courts, exclusive of interest and costs, and arises under the statutes and laws of the United States.

4. Plaintiff is an individual residing in Lake Jackson, Texas. Defendant, Lake Jackson, is a political subdivision of the State of Texas. The matters described in this complaint took place in the

Southern District of Texas.

**FACTUAL BACKGROUND**

5. Plaintiff, Mohamed A. Aly, is a citizen of Egyptian national origin. This lawsuit arises out of events occuring generally at his place of business in the Southern District of Texas, and between his place of business and his residence in Lake Jackson, Texas. Plaintiff Aly has, for approximately twenty years, operated a retail business selling sports apparel in the Brazos Mall, in Lake Jackson, Texas. He enjoys a reputation as a peaceable, law abiding businessman, and has maintained his business in the same business location for many years. During virtually the entire time he has been in business, he has experienced and sustained criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business, at his place of business, typical of retail businesses in Lake Jackson, Texas, generally and in the Brazos Mall, in particular. That is, the level or rate of third party criminal actions or attempted criminal actions against or directed toward his place of business is believed to be generally that level experienced by other retail businesses in the surrounding area.

6. Plaintiff is an owner of real property in Brazoria County, Texas, and has timely remitted ad valorem taxes. Similarly, he has timely remitted payments of other taxes including sales taxes. He has also remitted payment of fees required by the City of Lake Jackson for business operations in the City. By virtue of his residency in the City of Lake Jackson, and his operation of his business for an extended period within the confines of the City of

Lake Jackson, plaintiff has had a reasonable expectation that law enforcement services would be accorded him in both his occupation of his residence and in his operation of his retail sales business in the Brazos Mail in the City of Lake Jackson.

7. Plaintiff has consistently and uniformly followed a practice of immediately or promptly reporting criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business, to the appropriate law enforcement authority, specifically the police department of the City of Lake Jackson, Texas. Despite plaintiff's timely reporting criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business, the City of Lake Jackson has failed and refused and continues to fail and refuse to respond to or address plaintiff's reported criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business. Its failure to do so has caused economic damage to plaintiff in his business operations.

## SUMMARY OF LEGAL THEORIES

8. Plaintiff brings this action under 42 U.S.C. Sec. 1983, Civil action for deprivation of rights, and 42 U.S.C. Sec. 1985, conspiracy to interfere with civil rights.

## PLAINTIFF'S CLAIMS UNDER 42 U.S.C. SEC. 1983

9. 42 U.S.C. Sec. 1983, provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

10. Plaintiff alleges that defendant violated 42 U.S.C. Sec. 1983 by engaging in, or tolerating a governmental policy or custom of depriving certain classes of citizens, including plaintiff, of constitutional right to equal protection of the laws. The governmental policy or custom of which plaintiff complains was a policy or custom of ignoring or failing to respond to plaintiff's reported criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business and which resulted in a deprivation of his constitutional right to equal protection of the laws. In addition, plaintiff alleges that defendant's actions in violation of 42 U.S.C. Sec. 1983, extended to inappropriate or unwarranted traffic stops of plaintiff's vehicle travelling between his place of residence and his place of business.

11. By defendant's ongoing actions described above, plaintiff has been deprived of his constitutional right to equal protection of the laws in that he has been effectively and practically deprived of police protection in the operation of his business and

in his personal life.

### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. SEC. 1985

12.     42 U.S.C. Sec. 1985, provides in relevant part as follows:

"If two or more persons in any State or Territory conspire ... for the purpose of depriving either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws; or for the purpose of hindering or preventing the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against anyone or more of the conspirators."

13. Plaintiff alleges that defendant violated 42 U.S.C. Sec. 1985 by engaging in a conspiracy to deprive him of the equal protection of the laws.  That conspiracy involved tolerating a governmental policy or custom of depriving certain classes of citizens, including plaintiff, of constitutional right to equal protection of the laws as specified hereinabove. Specifically, the governmental policy or custom of which plaintiff complains was a policy or custom of ignoring or failing to respond to plaintiff's reported criminal trespasses, thefts, attempted thefts and similar criminal actions by third persons seeking to victimize his business and which resulted in a deprivation of his constitutional right to equal protection of the laws.

14. Plaintiff alleges that the above described conspiracy was

between representatives of the Police Department of the City of Lake Jackson, and representatives of a private security agency or agency providing or hired to provide mall security for the Brazos Mall, and/or representatives of law enforcement agencies providing law enforcement responses to or for occupants of the Brazos Mall, other than the Police Department of the City of Lake Jackson.

15. By defendant's ongoing actions described above, in conspiracy with mall security officials and other persons, plaintiff has been deprived of his constitutional right to equal protection of the laws in that he has been effectively and practically deprived of police protection in the operation of his business and in his personal life.

16. Plaintiff has been required to retain counsel to prosecute his claims and seeks recovery of his reasonable attorney's fees in the prosecution of his claims.

## PRAYER

Wherefore, plaintiff, requests that defendant be summoned to appear and answer and that on final trial he have the following:

1. Judgment against defendant for damages in an amount within the jurisdictional limits of the court.
2. An award of attorney fees for prosecuting his claims against defendant.
3. Interest prior to judgment from date due until date of judgment at the maximum rate prescribed by law.
4. His costs in the matter expended.

    5.    Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.

Plaintiff demands a trial by jury.

                                  Respectfully submitted,

                                  Law Office of Woodrow Epperson

*/s/ Woodrow Epperson*

Woodrow Epperson
10565 Katy Freeway
Suite 250
Houston, Texas 77024
(713) 973-6303
FAX (713) 973-1882
So. Dist  No. 143

Attorney in charge for
Mohamed A. Aly